Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1906 | **DATE** | 10/9/2001 |
| **CASE TITLE** | Kim vs. Dawn Food Products, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for correction of plaintiff and defendant [5] is granted. Yoon Ja Kim is the sole plaintiff and Miles E. Jones and Dawn Food Products, Inc. are the defendants in the above captioned case. Defendants' motion to dismiss [6] is granted with respect to defendant Jones in its entirety and with respect to defendant Dawn Food Products as to Counts I-V. Plaintiff's motion for reassignment based on relatedness [14] is denied. Plaintiff is directed to file an amended complaint by 10/29/01. In amending the complaint, plaintiff is instructed to comply with the pleading requirements set forth in Rule 8 ("short and plain statement") and Rule 10's numbering requirements.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 11 2001 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 OCT 11 AM 8:08 | 10/9/2001 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RESEARCH RESOURCES, INC., an Illinois )
Corporation, YOON JA KIM )
)
Plaintiff, )
) 01 cv 1906
v. ) DOCKETED
) OCT 1 1 2001
DAWN FOOD PRODUCTS, INC., a Michigan )
Corporation, MILES E. JONES )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

On March 19, 2001, Research Resources, Inc. and Yoon Ja Kim ("Kim" referred to herein "the plaintiff") filed a six-count complaint alleging patent infringement and various state law claims and seeking $25 million in actual damages and $75 million in punitive damages. Defendants Dawn Food Products, Inc. ("Dawn Food Products") and Miles E. Jones ("Jones") have moved to dismiss the complaint. Plaintiff subsequently moved to correct the parties in the complaint to name Kim as the sole plaintiff and to correct the summons to identify Dawn Food Products as a defendant. Plaintiff also moved to reassign *Kim* v. *The Earthgrains Co.*, 01 C 3895, a case pending before Judge Zagel, to this court. For the reasons set forth herein, the court grants in part defendants' motion to dismiss, grants plaintiff's motion to correct the parties and summons, and denies the motion to reassign.

### FACTS

The court distills the following facts from the lengthy narrative in the complaint: Dawn



Food Products, a Michigan corporation with its principal place of business in Michigan, is engaged in business in Illinois. Jones is the Chief Operating Officer of Dawn Food Products. At some point prior to March 17, 1995, plaintiff invented a formula for use in bread products in which the combined use of ascorbic acid and a preferred food acid replaces a full function of potassium bromate, producing greater loaf volume, finer crumb structure and longer shelf life than ascorbic acid or potassium bromate used alone. Plaintiff's research revealed that a preferred food acid such as citric acid works better than tartaric acid which is not a preferred food acid. Plaintiff's invention also solves a previously unresolved problem in the baking industry of providing a safe alternative to carcinogenic potassium bromate.

On March 17, 1995, Jones, who had read an overview of plaintiff's patent application, called plaintiff and asked for some samples of plaintiff's products for evaluation. Jones signed a Propriety Materials Agreement on March 31, 1995, and plaintiff, instead of sending samples, sent Jones a copy of her patent application for evaluation. After reading the patent application, Jones stated in an April 21, 1995 letter to plaintiff that he had been commercially using and selling a bromate replacer similar to the composition described in plaintiff's patent application. He wrote that "the composition of our bromate replacer uses food acid (tartaric acid), ascorbic acid, and phosphate, as well as some additional ingredients." He indicated that he had formulated the bromate-free yeast-raised mix at his customer's request and had been supplying the customer as of May 18, 1992.

Plaintiff alleges that, in actuality, there was no use or sale of Jones' bromate replacer in the production of yeast-leavened products prior to March 17, 1995, but that after Jones read her patent application, Jones formulated a bromate replacer composition by redefining functions of

2

three essential components of plaintiff's composition. Prior to reading plaintiff's application Jones had been using ascorbic acid and citric acid as preservatives in Dawn Food Products, but after reading her application he began to use ascorbic acid and a food acid (tartaric acid) as a potassium bromate replacer. The redefined functions entailed (1) using ascorbic acid as a dough conditioner, instead of a preservative, (2) using tartaric acid as a food acid, instead of using citric acid as a preservative and (3) using sodium acid pyrophosphate as a phosphate instead of a leavening acid.

On September 19, 1995, the U.S. Patent and Trademark Office ("PTO") allowed 3 claims of plaintiff's application and Patent No. 5,510,129 ("the '129 patent") issued on April 23, 1996. In a letter to Jones dated January 17, 1996, plaintiff "first gave actual notice of the infringement." On April 18, 1996, Jones' attorney Duncan F. Beaman ("Beaman") was ready to settle with plaintiff's attorney. On April 24, 1996, plaintiff discovered that Potassium Bromate Replacer I was not covered by claims 1-3 in the '129 patent. Beaman also discovered that Potassium Bromate Replacer I was not covered by claims 1-3 and subsequently wrote to plaintiff on May 2, 1996 the following: "I have evaluated this situation and find that the potassium bromate replacer used by Dawn Food Products today, and for the past six years, is of the same composition that Dawn Food Products has been using since December 4, 1990." He stated that since Dawn Food Products had publicly used and sold its own bromate replacer at least as early as December 4, 1990, plaintiff's patent claims were invalid under 35 U.S.C. § 102(b). On May 6, 1996, plaintiff informed Beaman that she was planning to file a reissue of the '129 patent. Jones did not file a protest with the PTO against the allowance of plaintiff's reissue application. On May 14, 1996, plaintiff filed a reissue of the '129 patent, covering both Potassium Bromate Replacers I and II,

3

which was granted on October 22, 1998 with 9 claims and issued on October 26, 1999. Plaintiff does not explicitly state in the complaint, but the implication is that the reissued patent is U.S. Patent No. 36,355 ("the '355 patent"). Plaintiff owns Canadian Patent No. 2,199,729 with the issue date of July 20, 1999 apparently covering the same invention.

On February 25, 2000, plaintiff informed Jones that Research Resources, Inc. owns and has the exclusive right to license and enforce the '355 patent. To resolve the controversy, Jones agreed to provide samples to be tested. After Research Resources, Inc. and Test America, Inc. executed a Confidentiality Agreement, Jones provided Test America, Inc. with samples of Dawn Food Products' Soft Roll Mix, Danish Mix and Yeast Raised Donut Mix. The samples of Yeast Raised Donut Mix and Danish Mix revealed that they were made with citric acid (and not tartaric acid) as a food acid and the Yeast Raised Donut Mix used ascorbic acid as a dough conditioner rather than a preservative as it had in 1986. Although citric acid was listed as a preservative in the samples, the analysis revealed that the mixes used ascorbic acid and citric acid as described in the '355 patent and fell within the "claimed ranges" of that patent. Plaintiff alleges that defendants are selling the prepared mixes made with plaintiff's potassium bromate replacer composition in the United States by labeling citric acid as a preservative. Defendants also sold them in Canada through a licensing agreement with CSP Foods. Plaintiff brings claims against Jones and Dawn Food Products for breach of a confidentiality agreement (Count I), fraud (Counts II and IV), misappropriation (Counts III and V), and patent infringement (Count VI).

## DISCUSSION

I.    MOTION TO DISMISS

Defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil

Procedure ("Rule") 12(b)(1)-(4) and 12(b)(6)-(7). Defendants fails to develop their arguments for dismissal pursuant to Rule 12(b)(3) for lack of venue and Rule 12(b)(7) for failure to join party and, therefore, these arguments are waived. *See United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived"). The court addresses the remaining grounds for dismissal below.

Subject Matter Jurisdiction – Rule 12(b)(1)

Defendants move to dismiss pursuant to Rule 12(b)(1) for failure to adequately allege subject matter jurisdiction. Rule 8 requires, *inter alia*, that the complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends[.]" Fed. R. Civ. P. 8(a)(1). Plaintiff argues that the allegation that "[v]enue lies in this Court under 1391(a) of Title 28" sufficiently sets forth a basis for diversity jurisdiction. However, section 1391(a) pertains to "[a] civil action wherein jurisdiction is founded only on diversity of citizenship," and, in order to adequately plead diversity jurisdiction, a plaintiff must allege that the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There must be "complete" diversity such that no defendant is a citizen of the same state as any plaintiff. *Fidelity and Deposit Co. v. Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983) (citation omitted). Although the complaint alleges that plaintiff Kim owns Research Resources, Inc., which is an Illinois corporation, it does not allege Kim's citizenship. Moreover, although it alleges that defendant Dawn Food Products is a Michigan corporation with its principal place of business in Michigan, it does not allege the citizenship of defendant Jones. Accordingly, the complaint fails to properly allege diversity jurisdiction. However, Count VI is a claim of patent

5

infringement based on a United States patent, so it would appear that the court has jurisdiction under 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents[.]"), and supplemental jurisdiction over the remaining claims because they are related to the patent infringement claim and "form part of the same case or controversy." 28 U.S.C. § 1367(a). *See Crater Corp. v. Lucent Tech., Inc.*, 255 F.3d 1361, 1369-70 (Fed. Cir. 2001) ("Having original jurisdiction based on [the] patent law claims, the district court has supplemental jurisdiction over [the] state law claims for breach of contract and misappropriation of trade secrets because those claims 'form part of the same case or controversy[.]'") (citing 28 U.S.C. § 1367(a)). Therefore, the court does not dismiss for lack of subject matter jurisdiction, but instructs plaintiff that in re-pleading, she must set forth the basis for this court's jurisdiction.

Personal Jurisdiction – Rule 12(b)(2)

Defendants move to dismiss Jones pursuant to Rule 12(b)(2) for lack of personal jurisdiction. "The plaintiff bears the burden of demonstrating personal jurisdiction." *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000). The court first determines "whether there are federal or state statutory grounds for personal jurisdiction"; then, if the basis for jurisdiction rests on a state statute "whether the state constitution bars such jurisdiction"; and finally, the court determines whether the "exercise of jurisdiction over the defendant would be consistent with the federal Constitution." *Id.* There are no allegations pertaining to Jones that implicate any of the specific bases of personal jurisdiction under the Illinois long-arm statute, such as transaction of any business within Illinois, ownership or use of assets in Illinois, or the making of a contract

substantially connected with Illinois, *see, e.g.*, 735 ILCS 5/2-209(1), (7), (10) and Jones has declared that he has had no contacts with Kim in Illinois. *See* Defs.' Reply, Ex. D, Jones Decl. ¶¶ 4-5 (asserting that he has no property or other interests in Illinois, has not appeared in Illinois to transact business with plaintiff Kim and has never transacted business of any kind with Kim in any personal capacity).[1] Moreover, plaintiff has not provided any evidence of Jones' contacts with Illinois that would satisfy the minimum contacts requirement of *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945), except to assert that Dawn Food Products does business in Illinois and Jones is an officer of Dawn Food Products. The fiduciary shield doctrine, however, provides that a court does not have jurisdiction over an individual whose only alleged contacts with a state are in his capacity as an officer of the defendant corporation (unless plaintiff alleges the individual defendant is an "alter-ego" of the corporation). *See Gaither Tool Co. v. Tire Serv. Equip. Mfg., Inc.*, No. 96 C 8094, 1997 WL 403583, *5 (N.D. Ill. July 16, 1997) (Gottschall, J.) (dismissing officer of defendant corporation where plaintiff failed to allege "facts showing that [the officer] is the 'alter ego' of" the defendant corporation and failed to allege any other contacts between officer and Illinois) (citing *Torco Oil Co. v. Innovative Thermal Corp.*, 730 F. Supp. 126, 134 (N.D. Ill. 1989)); *see also 3D Sys. Inc. v. Aarotech Labs. Inc.*, 160 F.3d 1373, 1380-81 (Fed Cir. 1998) (affirming the district court's refusal in patent infringement case to assert jurisdiction over officer whose acts were taken in his role as officer of defendant corporation). Because there are no allegations of Jones' contacts with Illinois other than as an officer of Dawn Food Products, and he is not alleged to be an "alter-ego" of Dawn Food

---

[1] In deciding a motion to dismiss for lack of personal jurisdiction, the court may consider affidavits from both parties. *Glass v. Kemper Corp.*, 930 F. Supp. 332, 337 (N.D. Ill. 1996) (citing *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987)).

7

Products, the amended complaint fails to adequately allege personal jurisdiction over Jones and is dismissed as to him.

Insufficiency of Process – Rule 12(b)(4)

Defendants move to dismiss the complaint against Dawn Food Products for failure to serve valid process pursuant to Rule 12(b)(4) because the summons names only Jones as defendant and not Dawn Food Products. Rule 4 requires that the form of the summons identify the parties and be directed to the defendant. Fed. R. Civ. P. 4(a). The complaint identifies Dawn Food Products as a defendant and was served on Jones, who is an officer of Dawn Food Products. *See* Fed. R. Civ. P. 4(h)(1) (Service on a corporation is proper where a copy of the complaint and summons is delivered to an officer of a corporation.). Thus, Dawn Food Products was on notice that it was a defendant, and the only question is whether the failure of the summons (as opposed to the complaint) to list Dawn Food Products as a defendant requires dismissal. Rule 4(m) provides that "service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice or direct that service be effected within a specified time; provided that if plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Approximately 35 days after the filing of the complaint, plaintiff made a motion to correct the summons to include defendant Dawn Food Products as a defendant. *See* Mot. for Correction of Plaintiff and Defendants. Rule 4 permits the court to allow a party to amend a summons. Had this court granted plaintiff's motion sooner, clearly there would be no basis for dismissal. Although it is now beyond the 120 days, the plaintiff did all she could to obtain the needed amendment. Therefore, the court will grant the

motion and direct plaintiff when she files a new amended complaint to effect proper service at that time.

Failure to State Claim for Relief – Rule 12(b)(6)

Defendants argue that the complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy v. Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999); *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996).

**Count I: Breach of Confidentiality Agreement**

To state a claim for breach of contract under either Illinois or Michigan law, plaintiff must allege (1) a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) resultant injury to the plaintiff. *Gonzalzles v. American Express Credit Corp.*, 315 Ill. App. 3d 199, 206, 733 N.E.2d 345, 351 (1st Dist. 2000); *Great Lakes Exteriors, Inc. v. Dryvit Sys., Inc.*, No. 99 C 70449, 2000 WL 1279167, *3 (E.D. Mich. Aug. 16, 2000). Defendants argue that plaintiff have failed to adequately allege the elements of breach and resultant injury. As to breach, Count I alleges that "Jones breached a confidential relationship by claiming [in his letters of April 21, 1995 and January 22, 1996] to have used a

9

bromate replacer similar to the plaintiff's composition, after reading the plaintiff's patent application." *See* Compl. at 6. Count I also alleges that "[i]f the plaintiff had known that Mr. Jones would break the confidential agreement, the plaintiff would never have sent the plaintiff's patent application for evaluation." *Id.* at 6-7.

Defendants contend that the two letters do not breach any confidential agreement, and assert that plaintiff has not alleged that the defendants gave the purported confidential information to any third party. Plaintiff did not attach a copy of the "confidentiality agreement" to the complaint, but in a response brief attached a copy of Jones' letter of March 31, 1995 and a signed copy of the Propriety Materials Agreement. In the response brief plaintiff states "[a]s shown by these attachments, Mr. Jones breached a confidential agreement." Pl.'s Resp. to Defs.' Reply, at 1. A plaintiff may assert additional facts in her response to a motion to dismiss, but they must be "consistent with the allegations" of the complaint. *See Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997). Although the Propriety Materials Agreement prohibits disclosure of the patent application to unauthorized persons and limits use of the patent application "to review or evaluate a proposal or information from, supply a quotation to, or provide a component or item to [Kim]," *see* Pl.'s Resp., Propriety Materials Agreement, (3)(a)-(d), it does not prohibit Jones from claiming to her, either in writing or otherwise, that prior to reading her application he had been using a bromate replacer similar to the plaintiff's composition. Because this is how the complaint alleged the breach, it does not state a claim for breach of the Propriety Materials Agreement. *See Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995) ("a plaintiff can plead himself out of court by alleging facts which show that he has no claim"); *Dawson v. Gen. Motors Corp.*, 977 F.2d 369, 373 (7th Cir. 1992) ("a plaintiff

10

may not argue . . . that a contract consisted of Y when the complaint alleged that the contract consisted of X"). Moreover, as the complaint stands, it does not adequately allege that Jones' claims in the letters, even if they somehow constituted a breach, resulted in injury to plaintiff. Because the complaint fails to allege breach and resultant injury, it fails to adequately allege a breach of contract in Count I. If plaintiff desires to assert a claim that defendants used the patent application for purposes other than that permitted by the Propriety Materials Agreement, and that the unauthorized use resulted in injury to her, she may do so in an amended complaint.

**Counts II and IV: Fraud-Based Counts**

Although not termed "fraud" counts, Count II is a claim for "Making false claims for [Jones'] use and ownership of a similar bromate replacer" and Count IV is "Misrepresentation by the defendant's attorney, Duncan F. Beaman." It is not tortious to make false statements unless plaintiff can demonstrate the elements of reliance on those statements and resultant damages, i.e., she must establish fraudulent conduct. In order to state a claim for fraud under either Illinois or Michigan law, plaintiff must allege that (1) defendant made a material statement; (2) the statement was untrue; (3) defendant knew or should have known the statement was untrue; (4) defendant had the intent that plaintiff rely on the statement; (5) plaintiff actually relied on the statement; and (6) reliance resulted in damages to plaintiff. *Small v. Sussman*, 306 Ill. App. 3d 639, 646, 713 N.E.2d 1216, 1221 (1st Dist. 1999); *Kassab v. Michigan Basic Prop. Ins. Ass'n*, 441 Mich. 433, 442, 491 N.W.2d 545, 548 (1992). In addition, Rule 9(b) requires "all averments of fraud" to be "stated with particularity," although "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). The Seventh Circuit has explained that "the rule requires the plaintiff to state the identity of the person who

made the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994).

The alleged fraud in Count II is based primarily on Jones' letter of April 21, 1995 in which he stated he had been commercially using and selling a bromate replacer similar to the composition described in plaintiff's patent application and stated what the composition of his bromate replacer was: "food acid (tartaric acid), ascorbic acid, and phosphate, as well as some additional ingredients." The alleged fraud in Count IV is the letter of May 2, 1996 letter in which Beaman stated Dawn Food Products had publicly used and sold a product similar to plaintiff's composition since December 4, 1990, and Beaman's statement that plaintiff's patent claims were invalid under 35 U.S.C.§ 102(b). Although the complaint alleges the specificity of these statements as required by Rule 9(b), there are no allegations or facts from which to infer reliance or resultant injury from such reliance. The representations were made after plaintiff gave Jones her patent application for review in March 1995, and thus they could not have been the basis for her turning it over for review. Therefore, the complaint fails to adequately allege fraud in Counts II and IV.

**Counts III and V: Misappropriation-Based Counts**

Count III is a claim for "Theft of Trade Secret" and Count V is a claim for "Misappropriated use of plaintiff's formula." Because both claims appear to be misappropriation-type claims they are evaluated as one claim.[2] To state a claim for

---

[2] Defendants suggest that plaintiff may be attempting to assert a claim of patent infringement of the Canadian patent in Count V, but plaintiff has denied that she is asserting such a claim. *See* Pl.'s Supp. of Disclosures and Responses to Defs.' Mot. to Dismiss, at 4.

12

misappropriation in Illinois (under the Illinois Trade Secrets Act, 764 ILCS 1065 *et seq.*) or Michigan, plaintiff must allege that (1) the information at issue was indeed a trade secret, (2) was misappropriated and (3) was used in defendant's business. *See Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1265-66 (7th Cir. 1992); *Rothschild v. Ford Motor Comp.*, 2 F. Supp. 2d 941, 950 (E.D. Mich. 1998). Although plaintiff does not specifically state that her formula was a trade secret in either count, she does allege that she gave Jones her patent application after he executed a Propriety Materials Agreement. This sufficiently alleges that she was attempting to keep her formula a secret. *See* 765 ILCS 1065/2(d)(2); *Rothschild*, 2 F. Supp. 2d at 950 n.12. She also alleges that the formula was misappropriated and used in defendant's business. In Count III, plaintiff alleges, *inter alia*, that after reading plaintiff's patent application, "Jones committed the theft of trade secret by claiming a similar composition of the plaintiff's potassium bromate replacer as his own." Compl. at 8. In Count V, plaintiff alleges, *inter alia*, "Jones licensed the requested samples of Dawns' prepared mixes made with plaintiff's formula to CSP Foods in Canada" and that "Jones misappropriated plaintiff's formula by using it in Dawn's products for his personal gains." *Id.* at 9.

Defendants argue that even if the plaintiff alleged that she had a trade secret and defendants somehow misappropriated it, the misappropriation claims are barred by the statute of limitations. An action for misappropriation in Illinois must be brought within five years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered. 765 ILCS 1065/7. Under Michigan law, the period of limitation for bringing a common-law claim of trade secret misappropriation is three years, Mich. Comp. Laws § 600.5805(8), and this three-year period begins to run "when the plaintiff knew or reasonably

13

should have known of [the] defendant's misappropriation." *Pilkington Bros., P.L.C. v. Guardian Indus. Corp.*, No. 83 C 5260, 1986 WL 9876, *3 (E.D. Mich. June 9, 1986). Defendants assert that because the complaint states that plaintiff gave defendant "actual notice of infringement" on January 17, 1996, the latest possible date on which plaintiff was aware of the alleged use of her formula is January 17, 1996, and since the complaint was filed March 19, 2001, the statute of limitations expired on the Illinois claim on January 17, 2001 and expired on the Michigan claim on January 17, 1999. The court agrees. Since plaintiff alleges she gave the patent application to Jones in March of 1995 and, that after reading it, he stole her trade secret, and she alleges that gave Jones notice in January 1996 of patent infringement, she must have been aware in January 1996 that Jones had misappropriated and was using her formula. Therefore, Counts III and V are barred by the applicable statutes of limitations.[3]

### Count VI: Patent Infringement

"Patent infringement occurs when a device (or composition or method), that is literally covered by the claims or is equivalent to the claimed subject matter, is made, used, or sold, without the authorization of the patent holder, during the term of the patent." *Multiform Desiccants, Inc. v. Medzam, Ltd.*, 133 F.3d 1473, 1476 (Fed. Cir. 1998) (citing 35 U.S.C. § 271). Defendants argue that Count VI should be dismissed because the complaint fails to allege that plaintiff Kim is the patentee with the right to enforce the '355 patent. *See* 35 U.S.C. § 281 ("A patentee shall have remedy by civil action for infringement of his patent."). Defendants'

---

[3]Plaintiff's only response to the limitations argument is that it does not apply because the claims are not brought under state law but pursuant to federal trade secrets law. However, plaintiff has not identified that federal law, nor has the court discovered a federal misappropriation of trade secrets law (the federal Lanham Act applies to trademarks).

14

argument is based on the statement in the complaint that "Research Resources, Inc. owns and has the exclusive right to license and enforce U.S. Patent No. Re. 36,355." Compl. 3. Contrary to defendants' argument, the complaint alleges a claim by the holder of a patentee because Research Resources, Inc. is listed in the complaint as a plaintiff. Thus, the compliant does not fail to allege a patentee with the right to enforce the patent. However, although the complaint with Research Resources, Inc. as a plaintiff states a claim, plaintiff filed a motion to correct the complaint to state herself as the sole plaintiff and to assert that she is the holder of the patent and not Research Resources, Inc. *See* Mot. for Correction of Plaintiff and Defendants. Thus, the existence of the complaint with only Count VI remaining (asserting Research Resources as plaintiff) does not help plaintiff and the court grants plaintiff leave to file an amended complaint to incorporate not only the changes she stated in her motion to correct the plaintiff and defendants, but to rectify if possible, consistent with Rule 11, any of the pleading deficiencies that resulted in dismissal of the complaint today.

## II.   MOTION FOR REASSIGNMENT BASED ON RELATEDNESS

Two other cases currently pending in the Northern District of Illinois involve plaintiff's patent 355: *Kim v. ConAgra Foods, Inc.*, 01 C 2467 (J. Hart) and *Kim v. The Earthgrains Co.*, 01 C 3895 (J. Zagel). On July 3, 2001, plaintiff filed a motion for reassignment with Judge Hart to reassign case 01 C 3895 to him. ConAgra was not opposed to such reassignment. Judge Hart found 01 C 2467 related to 01 C 3895, but stated that because it also appeared that both of these cases were related to the instant case, 01 C 1906, plaintiff should file a motion with this court. He denied her motion to reassign without prejudice to renewing it if this court denied plaintiff's motion. On August 17, 2001, plaintiff file a motion to reassign with this court but only with

15

respect to reassignment of 01 C 3895 (it is not clear whether this was an oversight). In the motion, plaintiff stated that she thought 01 C 3985 was more closely related to 01 C 2467 than to 01 C 1906.

The court concludes that although the same patent is involved in 01 C 3895 (one count for patent infringement of the '355 patent), reassignment would not be appropriate. Local General Rule 40.4 provides that not only must the cases be related through the same property or some issue of fact or law, LR 40.4(a), but all of the following criteria must also be met: (1) both cases must be pending in this Court; (2) there will likely be a substantial savings of judicial time and effort if the cases are handled by the same judge; (3) the earlier case has not progressed to the point where reassigning a later filed case would likely delay the proceeding in the earlier filed case; and (4) the cases are susceptible of disposition in a single proceeding. LR 40.4(b).

The court finds that requirements (2)-(4) are not met. As to requirement (4) although both cases involve claims of patent infringement on patent '355, and the issue of the invalidity of plaintiff's patent could be tried in one proceeding, the determination of whether the Dawn Food Products' prepared mixes in 01 C 1906 and Earthgrains' D'Italia Italian Bread and Buttertop Wheat Bread in 01 C 3895 infringed that patent would be separate determinations. Moreover, in 01 C 1906, plaintiff Kim has alleged several state law claims against defendants in addition to patent infringement. Although many of these are dismissed today for failure to state a claim, it is likely that upon re-pleading, plaintiff may at the least be able to adequately plead a claim for breach of confidentiality agreement. As to requirement (3), in 01 C 3985 an answer has already been filed and reassigning it to this court would delay that case. Finally, the court does consider that there would be a "substantial" savings in judicial time by reassigning case 01 C 3895. To

the contrary, a decision rendered in either 01 C 3895 or 01 C 2467 determining the claims, would collaterally estop relitigation of those issues by plaintiff in the instant case, and the court could apply those rulings when deciding 01 C 1906. Therefore, the court denies plaintiff's motion to reassign. Although plaintiff did not bring her motion to reassign with respect to 01 C 2467, the court concludes that, for the same reasons stated above, it would also not be appropriate to reassign 01 C 2467 to this court.

## CONCLUSION

The court GRANTS plaintiff's Motion for Correction of Plaintiff and Defendants [#5]. The court GRANTS defendants' motion to dismiss [#6] with respect to defendant Jones in its entirety and with respect to defendant Dawn Food Products as to Counts I-V. The court DENIES plaintiff's motion for Reassignment based on Relatedness [#14]. Plaintiff is directed to file an amended complaint by October 29, 2001. In amending the complaint, plaintiff is instructed to comply with the pleading requirements set forth in Rule 8 ("short and plain statement") and Rule 10's numbering requirements.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Date: October 9, 2001